IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOY YOUNG, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-25-01621 |
| CARVANA, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Joy Young ("Plaintiff"), who is self-represented, filed a Complaint against Defendant Carvana ("Carvana"), asserting discrimination and retaliation claims relating to her employment. ECF 1. Carvana has filed a Motion to Compel Arbitration and Stay all Further Proceedings Pending Arbitration ("the Motion"), ECF 4. Plaintiff opposed the Motion, ECF 8, and Carvana replied, ECF 9. Although Carvana requested a hearing, ECF 5, no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, this Court will grant the Motion and stay the case in this Court pending conclusion of the arbitration proceedings.

I. **FACTUAL BACKGROUND**

According to Plaintiff's Complaint, she asserts claims based on Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. ECF 1 at 3. She argues that the discriminatory acts occurred between February and May of 2023. *Id.* at 4. She contends that she "was refused reasonable accommodation to continue" her remote work arrangement, arguing that that refusal constituted retaliation by her "former manager Kelly." *Id.* at 5. She asserts that she needed remote work to accommodate her disability and her religion requirements. *Id.* She resigned

her position because she was not allowed remote work. *Id.* She seeks $500,000 in monetary damages. *Id.* at 6.

Plaintiff does not contest that she and Carvana signed a Mutual Arbitration Agreement ("MAA") during onboarding for her employment. ECF 4-2 at 13–16.[1] The MAA expressly provides that it "is not a mandatory condition of employment" and gave employees thirty (30) days after signing the MAA to elect to opt out. *Id.* at 15. The MAA specifically provides that it "applies . . . to claims based upon or related to discrimination, harassment, [and] retaliation, and claims arising under the . . . Civil Rights Act of 1964, Americans with Disabilities Act," and other statutes. *Id.* at 13. It further provides:

> This Agreement is intended to be as broad as legally permissible, and, except as it otherwise provides, applies to all claims or controversies, past, present, or future, including without limitation, claims arising out of or related to [Plaintiff's] application and selection for employment, employment, and/or the termination of [Plaintiff's] employment, that otherwise would be resolved in a court of law or before a forum other than arbitration.

*Id.*

## II.   LEGAL STANDARD

Because Plaintiff's employment occurred in Maryland, Maryland law regarding contract formation applies to the question of whether the parties contracted to arbitrate this dispute. In addition to the standard requirements necessary to form a contract, Maryland law requires independent consideration to support an arbitration provision. *Noohi v. Toll Bros., Inc.,* 708 F.3d 599, 613–14 (4th Cir. 2013). Where a court finds a valid written arbitration agreement and a dispute within the scope of the agreement, it must compel arbitration. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649–50 (1986); *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997).

---

[1] Pagination references are to the CM/ECF page numbers in the header at the top of the page.

The Federal Arbitration Act ("FAA") generally requires courts to stay their proceedings until any issue referable to arbitration has been adjudicated. *See* 9 U.S.C. § 3; *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002).

### III.    ANALYSIS

As this Court noted above, Plaintiff does not contest the validity of the MAA, only its scope. This Court notes, however, that the MAA is a valid contract. Carvana has adduced evidence showing that Plaintiff voluntarily entered the MAA as part of her onboarding paperwork and that she did not exercise her right to opt out. ECF 4-2 at 6, 7. Additionally, the MAA provides that both Plaintiff and Carvana agree to resolve all disputes "through final and binding arbitration and **not by way of court or jury trial**." ECF 4-2 at 13 (emphasis in original). That agreement evidences mutual assent to a contract definite in its terms. Finally, the corresponding promises by both parties constitute sufficient consideration for the arbitration agreement. *See Johnson v. Cir. City Stores,* 148 F.3d 373, 378 (4th Cir. 1998) (noting that "an arbitration agreement [is] supported by adequate consideration where both parties agree[] to be bound by the arbitration process").

Plaintiff makes several arguments why, in her view, the MAA's arbitration provision should not apply here. First, she contends that it does not "clearly cover ADA accommodation claims." ECF 8 at 2. Given the breadth of the language in the MAA, in addition to its specific references to discrimination claims, retaliation claims, the Civil Rights Act of 1964, and the ADA, that contention is unpersuasive. Second, she argues that she did not knowingly waive her right to judicial redress for ADA accommodation claims, given the failure to reference such claims specifically in the agreement. *Id.* Once again, the clear and all-encompassing language used in the MAA made evident the fact that both parties were agreeing to arbitrate employment-related claims of any sort. Third, she argues that enforcing the arbitration provision would prejudice her because

her claim might be time-barred. *Id.* at 3. The genesis of that argument is unclear, as she has already filed the instant lawsuit, which will remain viable but stayed pending resolution of the arbitration. Finally, she makes a contingent argument in case the FAA does not apply to her claim, which is inapplicable because it does. *Id.* Because none of Plaintiff's arguments are availing, this Court will compel arbitration and stay this case pending the outcome of the arbitration proceedings. The parties should promptly inform this Court when the arbitration is concluded.

IV.     **CONCLUSION**

For the reasons set forth above, Carvana's Motion to Compel Arbitration and Stay all Further Proceedings Pending Arbitration, ECF 4, will be GRANTED and this case will be stayed pending the conclusion of arbitration proceedings. A separate Order follows.


Dated: August 27, 2025                                  /s/
                                            Stephanie A. Gallagher
                                            United States District Judge